ORIGINAL

U.S. COURTS

00 NOV 20 PM 4: 17

REC'D
CAMERON S. BURKE
CLERK          IDAHO

Kim C. Stanger, ISB No. 5783
HAWLEY TROXELL ENNIS & HAWLEY LLP
P. O. Box 1617
Boise, Idaho 83701
Telephone: (208) 344-6000
FAX: (208) 342-3829

FEE PAID
R# 8003

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF IDAHO

| | |
|---|---|
| GREG ALLEN, an individual, )<br><br>Plaintiff, )<br><br>vs. )<br><br>UNION CENTRAL LIFE INSURANCE )<br>COMPANY, a foreign company, )<br><br>Defendant. ) | Case No. CIV00-676-S-LMB<br><br>NOTICE OF REMOVAL OF ACTION<br>UNDER 28 U.S.C. §§ 1441 AND 1446 |

Defendant The Union Central Life Insurance Company ("Union Central"), by

and through its attorney of record, Hawley Troxell Ennis & Hawley LLP, hereby removes this

action from state court to this Court as follows:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 - 1

G:\CLIENT\40675\001\MOT.REM

1.      This notice of removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446 for the purpose of removing this action from the Fourth Judicial District of the State of Idaho, in and for the County of Ada.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of the State of Idaho.  Defendant is an insurance company incorporated in Ohio with its principal place of business in Ohio.  As set forth more fully below, the amount in controversy exceeds $75,000.

3.      Removal is timely pursuant to 28 U.S.C. § 1446(b).  Plaintiff filed his state court Complaint on October 30, 2000.  Plaintiff served the Summons and Complaint on the Director of the Department of Insurance on or about October 30, 2000.  Union Central received a copy of the Summons and Complaint on November 6, 2000.  Pursuant to local Rule 81.1, a true and correct copy of the state court file and accompanying docket sheet is attached as Exhibit "A".

4.      The amount in controversy exceeds $75,000 as demonstrated by the following:

a.      Plaintiff's Complaint seeks to recover damages against Union Central for an alleged breach of an insurance contract and for bad faith in rescinding Plaintiff's insurance policy for misrepresentations in the application.  Assuming Plaintiff were qualified, Plaintiff's policy provided base benefits of approximately $1,700 per month to age

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 - 2

65.  Plaintiff is only 39.  Plaintiff also alleges additional damages relating to his bad faith claim.

b.      Plaintiff's Complaint alleges that Union Central's conduct "was gross, willful and/or reckless, and amounts to an extreme deviation from all reasonable standards of conduct in the insurance industry" and therefore "plaintiff thus provides notice of his intention to seek leave to amend the Complaint for the purpose of also including a claim for punitive damages. . . ."  (Complaint at pp.5-6).  "[T]he intention expressed in [Plaintiff's] complaint to ultimately seek punitive damages has the effect of allowing consideration of the potential for such an award in determining whether more than $75,000 is at stake in this action." *Stewart v. Colonial Life & Acc. Ins. Co.*, Civil Case No. 99-0129-E-BLW, Memorandum Decision dated 7/29/99 at n.1 (Dist. Idaho) (amount in controversy satisfied based in part on allegations of intent to assert punitive damages).

c.      Plaintiff's Complaint seeks attorneys fees pursuant to I.C. §§ 41-1839, 12-120, and 12-121 (Complaint at p.6).  "A potential award of attorney fees counts toward the amount-in-controversy requirement if the plaintiff has requested such an award and a statute authorizes it." *Id.* at p.3, *citing Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

5.      Pursuant to 28 U.S.C. § 1446(d), proper notice will promptly be given to Plaintiff, by and through his attorneys of record, and to the Clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, which notice

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 - 3

will be filed with the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada. A true and correct copy of the notice is attached hereto as Exhibit "B" and is incorporated by reference.

WHEREFORE, Union Central prays that the above-entitled action pending against it in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, be removed to this Court.

DATED THIS ___ day of November, 2000.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Kim C. Stanger
Attorneys for Defendant

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 - 4

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this $\mathcal{20}$ day of November, 2000, I caused to be served a true copy of the foregoing NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 by the method indicated below, and addressed to each of the following:

John J. Janis
HEPWORTH, LEZAMIZ &
HOHNHORST
537 West Bannock
P.O. Box 2582
Boise, Idaho  83701

_✓_ U.S. Mail, Postage Prepaid
__ Hand Delivered
__ Overnight Mail
__ Telecopy


Kim C. Stanger

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446 - 5

G:\CLIENT\40675\001\NOT.REM

D35
Case: CV OC 00 05784
ALLEN vs UNION CENTRAL LIFE INSURANCE CO

| | Date | | Jdg | Code | ------------------- Entry ------------------- | User ID | Class |
|---|---|---|---|---|---|---|---|
| 10 | 30 | 2000 | 192 | NEWC | NEW CASE FILED | CCSTOMLV | Y |
| 10 | 30 | 2000 | 192 | A1 | CIVIL COMPLAINT, MORE THAN $1000, | CCSTOMLV | |
| 10 | 30 | 2000 | 192 | | NO PRIOR APPEARANCE | CCSTOMLV | |
| 10 | 30 | 2000 | 192 | SMIS | SUMMONS ISSUED | CCSTOMLV | |
| 11 | 03 | 2000 | 192 | NOTS | NOTICE OF SERVICE OF INTERROGATORIES | CCEDWARM | |

MODE IS INQUIRY, ENTER CASE# OR USE CMD KEYS BELOW
    Cmd2 Update    Cmd9  Case          Cmd16 Scheduling     Cmd24 Delete
    Cmd3 Add       CMD13 Last Screen    Cmd17 Hearing Results  ROLL Page

Cmd1 Menu
Help


EXHIBIT
A

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| GREG ALLEN, an individual, | ) | Case No. CV OC 0005784D |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NOTICE OF SERVICE OF |
| | ) | |
| | ) | SUMMONS; COMPLAINT AND |
| UNION CENTRAL LIFE INSURANCE | ) | DEMAND FOR JURY TRIAL; |
| COMPANY, a foreign corporation, | ) | PLAINTIFF'S FIRST SET OF |
| | ) | INTERROGATORIES AND |
| | ) | REQUESTS FOR PRODUCTION |
| Defendant. | ) | OF DOCUMENTS TO |
| | ) | DEFENDANT |

TO:   UNION CENTRAL LIFE INSURANCE COMPANY
      ATTN.: DAVID F. WESTERBECK
      1876 WAYCROSS ROAD
      CINCINNATI, OH 45240

You will please take notice that a due and regular service of a SUMMONS;

COMPLAINT AND DEMAND FOR JURY TRIAL; PLAINTIFF'S FIRST SET OF

INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO

DEFENDANT, in connection with the above-entitled action, was made upon you by HAND

DELIVERY on the 30th day of October 2000, by delivering in Boise, Idaho, on the said date to

the Director of the Department of Insurance, State of Idaho, who is the duly and regularly

appointed Statutory Agent.  A copy of each instrument is enclosed herewith to you as provided by

law.

IN WITNESS WHEREOF, I have hereunto set my hand and the official seal of this office

at Boise, Idaho, this 2nd day of November 2000.

_____ /cw
Director
Department of Insurance
State of Idaho

KATHRYN A. STICKLEN

304160 OCT 30 00

1   John J. Janis (ISB No. 3599)
    HEPWORTH, LEZAMIZ & HOHNHORST
2   537 West Bannock
    Post Office Box 2582
3   Boise, Idaho 83701
    Tel. No. (208) 343-7510
4   Attorneys for Plaintiffs

5

6

7

8       IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

9          STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

10                          * * * * *

11
    GREG ALLEN, an individual,          )
12                                       )   CV OC 0005784D
              Plaintiff,                 )   Case No. _____
13                                       )
    vs.                                  )   **SUMMONS**
14                                       )
    UNION CENTRAL LIFE INSURANCE         )
15  COMPANY, a foreign corporation,      )
                                         )
16                                       )
              Defendant.                 )
17
                            * * * * *
18
19          THE STATE OF IDAHO SENDS GREETINGS TO UNION CENTRAL

20  LIFE INSURANCE COMPANY, the above-named Defendant :

21          YOU ARE HEREBY NOTIFIED that a Complaint has been filed against you

22  in the District Court of the Fourth Judicial District of the State of Idaho, in and for the

23  County of Ada by the above-named Plaintiff; and,

*HE&H*
*Chartered*
*Hepworth,*
*Lezamiz &*
*Hohnhorst*

SUMMONS - 1





30-

YOU ARE HEREBY DIRECTED to file a written answer or written motion in defense to the said Complaint within twenty (20) days of the service of this Summons; and,

YOU ARE FURTHER NOTIFIED that unless you do so within the time herein specified, the Plaintiff will take judgment against you as prayed in the said Complaint.

The nature of the claim against you is for damages and further relief as is prayed for in the Complaint.

WITNESS my hand and the seal of the said District Court this 30 day of October, 2000.

J. DAVID NAVARRO

CLERK

By: LORI V. STOM

Deputy Clerk

SUMMONS - 2

Hepworth,
Lezamiz &
Hohnhorst
Chartered

John J. Janis (ISB No. 3599)
HEPWORTH, LEZAMIZ & HOHNHORST
537 West Bannock
Post Office Box 2582
Boise, Idaho 83701
Tel. No. (208) 343-7510
Attorneys for Plaintiffs

304160 OCT 30 00

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

* * * * *

GREG ALLEN, an individual,          )
                                    )
          Plaintiff,                )     Case No. _____
                                    )
vs.                                 )     **COMPLAINT AND DEMAND**
                                    )     **FOR JURY TRIAL**
UNION CENTRAL LIFE INSURANCE        )
COMPANY, a foreign corporation,     )
                                    )
                                    )
          Defendant.                )

* * * * *

COMES NOW the plaintiff Greg Allen, by and through his attorneys of

record, Hepworth, Lezamiz & Hohnhorst, and for causes of action against above-named

defendant, hereby states and alleges as follows:

HₑH
*Chartered*
*Hepworth,*
*Lezamiz &*
*Hohnhorst*

COMPLAINT AND DEMAND FOR JURY TRIAL - 1



## ALLEGATIONS COMMON TO ALL COUNTS

### I.

The plaintiff Greg Allen is currently a resident of the State of Oregon, but was at all times pertinent herein a resident of the County of Ada, State of Idaho.

### II.

The defendant Union Central Life Insurance Company (hereinafter referred to as "Union Central") is a foreign corporation which at all times relevant herein engaged in business of insurance in the County of Ada, State of Idaho.

### III.

The plaintiff Greg H. Allen, D.D.S. is licensed to practice dentistry in the state of Idaho.  In January of 1999, and for a number of years beforehand, the plaintiff Greg Allen was in fact practicing dentistry in the City of Boise, County of Ada, State of Idaho.

### IV.

On January 20, 1999, the defendant Union Central issued a Disability Income Insurance policy agreement with the plaintiff Greg H. Allen, D.D.S., specifically under defendant's insurance policy No. 00132681H.  The policy and issue date of said Disability Income Insurance policy was January 20, 1999.

HL&H
Chartered
Hepworth,
Lezamiz &
Hohnhorst

1

V.

2

3

4

5

6

7

Pursuant to the above-described Disability Income Insurance policy, the defendant Union Central agreed to insure the plaintiff in the event he became disabled from engaging in his occupation as a dentist with specified monthly benefits in the event of such disability. The defendant Union Central charged insurance premiums to the plaintiff for the purpose of providing such coverage.

8

VI.

9

10

11

12

Pursuant to the insurance agreement referenced above, the plaintiff paid the premiums charged by the defendant Union Central for the disability income insurance coverage.

13

VII.

14

15

16

17

18

19

20

Towards the latter part of 1999 and into early 2000, the plaintiff experienced severe psychological difficulties and received treatment from a psychiatrist for said conditions. During said time frame, the plaintiff maintained his dental practice, but the plaintiff's condition forced him to gradually reduce the time and extent the plaintiff was able to dedicate to his practice. By March of 2000, the plaintiff's condition had reached a level of severity that he became totally disabled from being able to engage in the practice of dentistry.

21

22

23

*HE H*
*Chartered*
*Hepworth,*
*Lezamiz &*
*Hohnhorst*

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

VIII.

After becoming so disabled from working, the plaintiff submitted a claim for coverage to the defendant under the above-described insurance policy in March of 2000.

IX.

In September of 2000, the defendant denied the plaintiff's claim for insurance coverage for reasons that were unreasonable, improper and/or without factual or legal merit.

COUNT ONE
BREACH OF CONTRACT

X.

The plaintiff hereby realleges and incorporates by reference herein each of the allegations contained in paragraphs I through IX above as if fully set forth herein.

XI.

The denial by the defendant amounts to a breach of contract by defendant of the defendant's insurance policy No. 00132681H.

XII.

As a result of the defendant's breach of contract, the plaintiff is entitled to recover damages in the form of the insurance benefits the defendant otherwise contractually agreed to pay until the expiration of the plaintiff's total disability. The precise amount of the contractual damages sustained by the plaintiff will be proven at the time and place of trial of

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

HE&H
Chartered
Hepworth,
Lezamiz &
Hohnhorst

1    this action, but which will in any event exceed the Magistrate's jurisdictional limits of

2    $10,000.

3

4                                   COUNT TWO
5                              TORTIOUS BAD FAITH

6                                       XIII.

7          The plaintiff hereby realleges and incorporates by reference each of the

8    allegations contained in paragraphs I through XII herein, as if fully set forth hereto.

9

10                                      XIV.

11         The defendant's conduct in responding to the plaintiff's claim for insurance

12   benefits amounted to an intentional and unreasonable denial and delay of the plaintiff's claim,

13   thus amounting to tortious bad faith conduct by a first party insurer.

14

15                                      XV.

16         As the direct and proximate result of the defendant's tortious bad faith, the

17   plaintiff has been further damaged in amounts to be proven at the time and place of trial of

18   this action.

19

20                        INTENT TO SEEK PUNITIVE DAMAGES

21         The plaintiff believes the defendant's conduct was gross, willful and/or

22   reckless, and amounts to an extreme deviation from all reasonable standards of conduct in the

23

*HL&H*
*Chartered*
*Hepworth,*
*Lezamiz &*
*Hohnhorst*

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

insurance industry. The plaintiff thus provides notice of his intention to seek leave to amend the Complaint for the purpose of also including a claim for punitive damages under *Idaho Code* 6-1604.

## REQUEST FOR ATTORNEY FEES

The plaintiff has been required to retain the services of counsel for purposes of prosecuting this action, and is entitled to recover all reasonable attorney fees under various provisions of Idaho law including, but not limited to, *Idaho Code* Sections 41-1839, 12-120 and 12-121.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues in accordance with Rule 38(b) of the *Idaho Rules of Civil Procedure*.

## PRAYER

WHEREFORE The Plaintiff respectfully prays for judgment in this action as follows:

1) For all compensatory damages in the form of the insurance benefits the defendant otherwise agreed to pay the plaintiff, the precise amount of such benefits to be proven at the time and place of the trial in this action, but which will in any event exceed the Magistrate's jurisdictional limits of $10,000;

2) For all other damages directly and proximately caused by the defendant's

*H*E*H*
*Chartered*
*Hepworth,*
*Lezamiz &*
*Hohnhorst*

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

1    breach of contract, and/or tortious bad faith in the precise amount of which to be proven at

2    the time and place of trial of this action;

3               3)  For all reasonable costs and attorney fees incurred by the plaintiffs in

4    prosecution of this action; and

5               4)  For such other and further relief as the Court deems just and equitable.

6    DATED This 27th day of October, 2000.

7                      HEPWORTH, LEZAMIZ & HOHNHORST

8

9                      By_____

10                        John J. Janis
                           Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

Kim C. Stanger, ISB No. 5783
HAWLEY TROXELL ENNIS & HAWLEY LLP
P. O. Box 1617
Boise, Idaho 83701
Telephone:  (208) 344-6000
FAX:  (208) 342-3829

Attorneys for Defendant


IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| GREG ALLEN, an individual, | ) | |
| | ) | Case No. CV OC 0005784D |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NOTICE OF FILING PETITION FOR |
| | ) | REMOVAL |
| UNION CENTRAL LIFE INSURANCE | ) | |
| COMPANY, a foreign company, | ) | |
| | ) | |
| Defendant. | ) | |

TO:      Plaintiff and his attorneys of record, John Janis, Hepworth, Lezamiz &
Hohnhorst, Chartered, and the Clerk of the District Court of the Fourth Judicial
District of the State of Idaho in and for the County of Ada.

PLEASE TAKE NOTICE that on the 20th day of November, 2000, Defendant

The Union Central Life Insurance Company filed a Notice of Removal in the United States

NOTICE OF FILING PETITION FOR REMOVAL - 1



EXHIBIT
$\mathcal{B}$

District Court for the District of Idaho at Boise, Idaho.  True and correct copies of the notice,

including all exhibits, are attached hereto as Exhibit 1.

DATED THIS _____ day of November, 2000.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
    Kim C. Stanger
    Attorneys for Defendant

NOTICE OF FILING NOTICE OF REMOVAL - 2

S:\AUTHOR\KCS\UNION.NOT

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this _20_ day of November, 2000, I caused to be served a true copy of the foregoing NOTICE OF FILING PETITION FOR REMOVAL by the method indicated below, and addressed to each of the following:

John J. Janis                         ✓ U.S. Mail, Postage Prepaid
HEPWORTH, LEZAMIZ &         __ Hand Delivered
HOHNHORST                        __ Overnight Mail
537 West Bannock                  __ Telecopy
P.O. Box 2582
Boise, Idaho  83701

Kim C. Stanger

NOTICE OF FILING NOTICE OF REMOVAL - 3